## County Library as Public Entity

KANE, Attorney General, YAKOWICZ, Solicitor General, and ANDERSON, Deputy Attorney General, April 19, 1978—You have requested our opinion as to whether the Cambria County Public Library is a "public entity" within the meaning of section 102(6) of the Federal Disaster Relief Act of May 22, 1974, 88 Stat. 153, 42 U.S.C.A. §5172. If so, it is eligible for disaster assistance with respect to damage to the building and destruction of much of its contents during the flood of 1977. It is our opinion that the library is a public entity within the meaning of that section.

On July 20, 1977, the City of Johnstown, Cambria County, and surrounding communities, were devastated by a major flood. The Cambria County Library in the City of Johnstown was severely dam-

aged. Structural damage to the library building was $157,635 and loss of or damage to equipment, books, materials and supplies was $937,994.78, making a total loss of $1,095,629.78.

Application for disaster assistance was made to the Federal Disaster Administration of the Department of Housing and Urban Development. The Regional Director of the Administration denied the application on the ground that the Cambria County Library Association, which operates the library, is a nonprofit corporation separate and distinct from Cambria County and, thus, not eligible for disaster relief under the act. An appeal from this denial was made to the Regional Director who agreed to withhold final decision on the matter pending receipt of further information and an opinion from this office. In his letter dated December 12, 1977, the Regional Director stated:

"From the information I have available, it appears that the Cambria Library Association is a nonprofit corporation which is a separate entity from Cambria County. It further appears that the Association maintains the Library buildings and manages its own financial affairs. If you could give me further information showing that the Library Association is in fact an operating department of the County government, or a 'public entity' as that term is used in Section 102(6) of the 'Federal Disaster Relief Act of 1974,' I would reconsider my previous decision. You may wish to obtain the opinion of your State's Attorney General in this regard . . ."

Public facilities belonging to local governments are entitled to disaster relief under section 402(a) of the Federal Disaster Relief Act of May 22, 1974, 88 Stat. 153, 42 U.S.C.A. §5172(a), which provides as

follows: "(a) The President is authorized to make contributions to State or local governments to help repair, restore, reconstruct, or replace public facilities belonging to such State or local governments which were damaged or destroyed by a major disaster." Under this section, the Cambria County Public Library is eligible for disaster relief if it constitutes "public facilities belonging to [a] local government." "Local government" is defined in section 102 of the act as follows:

" 'Local government' means (A) any county, city, village, town, district, or other political subdivision of any State, any Indian tribe or authorized tribal organization, or Alaska Native village or organization, and (B) includes any rural community or unincorporated town or village or any other *public entity* for which an application for assistance is made by a State or political subdivision thereof." 42 U.S.C.A. §5122. (Emphasis supplied.) Thus, if the Cambria County Library Association is a "public entity" within the meaning of that definition, it will be eligible for disaster relief under the act.

In support of the contention that the library is a "public entity," we have been furnished the following information:

1. The library building is owned by Cambria County.

2. The Cambria County Commissioners, by resolution adopted May 13, 1969, designated the Cambria County Library Association to "act for and on behalf of the Board of Commissioners to provide public library services to the residents and taxpayers of Cambria County."

3. The Cambria County Library Association was organized as a nonprofit corporation for the pur-

pose, as set forth in its articles of incorporation, of "the establishment of a public library as an integral part of public education."

4. The association serves as a district library center for the Commonwealth of Pennsylvania, a county library for Cambria County and a local library for the City of Johnstown, all in accordance with The Library Code of June 14, 1961, P.L. 324, 24 P.S. §4101 et seq.

5. Except for book fines and interest on a perpetual trust fund owned by the association, the sources of funds for operations, maintenance and repairs, and capital improvements to the library, are appropriations of public taxing bodies or from Federal or State support. Cambria County provided 44 percent of the library's support in 1976, the Commonwealth of Pennsylvania provided 32 percent, and the City of Johnstown and the municipalities of Conemaugh Township, Dale Borough, East Conemaugh Township, Ferndale Borough, Lower Yoder Township, Southmont Borough, Stonycreek Township, Upper Yoder Township, Westmont Borough, Westmont-Hilltop School District and West Taylor Township provided most of the balance. The interest from the perpetual trust fund accounted for less than 2 percent.

6. Each year the association submits a proposed budget to the County Commissioners of Cambria County who either approve it or reduce the proposed expenditures.

In our opinion these factors establish that the association is a "public entity." The service to the public, the funding by public funds, the ownership of the building by the county, and the county control over the budget lead inevitably to that conclusion.

Therefore, it is our opinion, and you are advised,

that the Cambria County Library Association is a "public entity" within the meaning of section 102(6) of the Disaster Relief Act of 1974, supra, and that the flood damage to the library facilities caused by the flood of 1977 constituted damage to "public facilities belonging to [a] local government" within the meaning of section 402(a).